IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JAQUELINE MARIN, § § Plaintiff § § v. § § NANCY A. BERRYHILL,[1] § ACTING COMMISSIONER OF THE § SOCIAL SECURITY ADMINISTRATION § § Defendant § | NO. EP-15-CV-64-MAT |

## OPINION

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Jaqueline Marin ("Marin") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). The parties consented to the transfer of the case to this Court for determination and entry of judgment. *See* 28 U.S.C. § 636(c); Local Court Rule CV-72. For the reasons set forth below, the Commissioner's decision will be **AFFIRMED**.

### I. PROCEDURAL HISTORY

Marin was twenty-nine years old at the time of her hearing before the Administrative Law Judge ("ALJ"). (R. 32, 124).[2] She had never had a full-time job, but she briefly worked for Little Caesar's, in the kitchen at Providence Memorial Hospital, and as a florist at Sam's Club. (R. 36). Marin filed an application for SSI on June 13, 2013, in which she alleged disability

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this case.
[2] Reference to the record of administrative proceedings is designated by (R.[page number(s)]).

1

beginning on January 1, 2007, due to bipolar disorder, depression, and anxiety. (R. 124-29, 164). After her application was denied initially and upon reconsideration, Marin requested a hearing. (R. 71-74, 79-84). On August 12, 2014, she appeared without an attorney for a videoconference hearing before the ALJ. (R. 30-46). On October 10, 2014, the ALJ issued a written decision denying benefits on the ground that Marin is able to perform jobs that exist in significant numbers in the national economy. (R. 14-25). On January 14, 2015, the Appeals Council denied Marin's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-5).

The ALJ found that Marin had the following severe impairments: affective disorder; alcohol abuse with possible substantive induced psychosis. (R. 16). The ALJ concluded that Marin had the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to simple, routine tasks with a reasoning level 1. She should not be required to perform production pace work." (R. 18). Marin, who is now represented by counsel, argues that: (1) she did not knowingly and intelligently waive her right to counsel; and (2) the ALJ failed to properly develop the record.

## II. DISCUSSION

### A. STANDARD OF REVIEW

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant

evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citation omitted).

In determining whether there is substantial evidence to support the findings of the Commissioner, the Court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted). If the Commissioner applied the proper legal standards and the findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. ANALYSIS OF MARIN'S CLAIMS

1. *Marin Validly Waived Her Right to Counsel*

i. Limitations on Fee

Although there is no constitutional right to counsel at a social security hearing, a claimant does have a statutory right to counsel at such a hearing. *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981) (citing 42 U.S.C. § 406). A claimant may waive this right to counsel only when sufficient information has been provided for the claimant to intelligently and knowingly decide whether to retain counsel or proceed pro se. *Id.*; *Brock v. Chater*, 84 F.3d 726, 729 n.1 (5th Cir. 1996). "'Sufficient information' includes explanations of the possibility of free counsel, a contingency agreement, and the limitation on attorney's fees to 25% of past due benefits

awarded." *Norden v. Barnhart*, 77 F. App'x 221, 223 (5th Cir. 2003) (citing *Clark*, 652 F.2d at 403-04). Generally, notice should be provided in writing prior to the hearing, and the ALJ should also provide oral notification at the hearing. *Gullett v. Chater*, 973 F. Supp. 614, 621 (E.D. Tex. 1997). Courts have found, however, that a claimant may intelligently and knowingly waive the right to counsel even when a component of the sufficient information was not discussed by the ALJ at the hearing if that component was adequately addressed in a prior written notice. *See, e.g., Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003).

The written notices sent prior to the hearing and the ALJ's oral notification during the hearing provided Marin with sufficient information to knowingly and intelligently waive her right to counsel. The agency sent Marin two written notices regarding her right to an attorney. An April 15, 2014, notice to Marin included a two-page document titled "Your Right To Representation" that articulates in plain language, among other rights, the possibility of free counsel and the limitation on attorney's fees to 25% of past due benefits awarded. (R. 88-89). Additionally, a July 10, 2014, notice of hearing contains a section that explains the possibility of a contingency agreement or free counsel and states that generally a representative may not charge a fee unless it is approved by the Social Security Administration. (R. 95).

Moreover, the ALJ verbally summarized Marin's rights.[3] At the onset of the August 12, 2014, hearing, the following exchange occurred:

> ALJ: Now, before we do anything else, I must insure on the record that you understand your rights to representation. You have the right to be represented by an attorney or non-attorney representative. A representative can help you obtain information about your claim, submit evidence, explain medical terms, and protect your rights. A representative may not charge a fee unless we approve it. Most representatives will work on a contingency basis meaning they won't charge any fees unless you receive benefits and then you would be responsible for paying

---

[3] To the extent that the ALJ could have asked further questions, i.e. whether Marin had received all of the written notices and whether she was aware of the limitation on attorney's fees, it could have amplified the record. Nonetheless, the Court notes that Marin does not allege that she failed to receive any of the notices.

4

> them a portion of you back benefits. There are some legal service organizations that offer representation free of charge if you meet the qualifying standards for those organizations. Now, we can postpone your hearing today in order for you to obtain a representative, but you're not required to have a representative. If you want to proceed without representative, then I will help you obtain any additional records that I think are necessary to understand your claim for benefits. But a representative might help present the evidence in a way that is more favorable to you. Do you understand your rights to representation?
> Claimant: Yes.
> ALJ: Do you want to proceed without a representative?
> Claimant: Yes, yes.

(R. 32-33).

Marin argues that the waiver was not knowing and intelligent because the ALJ did not advise her of the limitations on the fee that counsel could charge as part of any recovery. Although the ALJ did explain that a representative "may not charge a fee unless we approve it," the ALJ did not include the limitation on attorney's fees to 25% of past due benefits. However, this limitation is articulated on the two-page "Your Right to Representation" document, which states that:

> If you and your representative have a written fee agreement, your representative may ask us to approve it any time before we decide your claim. Usually, we will approve the agreement and tell you in writing how much your representative may charge as long as:
> - You both signed the agreement;
> - Your claim was approved and resulted in past-due benefits; and
> - **The fee you agreed on is no more than 25 percent of past-due benefits or $6,000, whichever is less.**
> If we do not approve the fee agreement, we will notify you and your representative in writing that your representative must file a fee petition.

(R. 88-89) (emphasis added).

The Court finds that the ALJ's oral notification, in conjunction with the "Your Right to Representation" document, conveyed sufficient information to Marin for her to make a knowing and intelligent waiver. *See New v. Comm'r of SSA*, No. 4:13-cv-0013-SAA, 2014 WL 7361602, at *8 (N.D. Miss. Dec. 23, 2014) (finding claimant validly waived right to counsel even though

5

the ALJ did not advise claimant during the hearing of the limitation of attorney's fees of 25% of past due benefits awarded); *Hussey v. Astrue*, No. 08-1253, 2009 WL 166666, at *7 (E.D. La. Jan. 20, 2009) (finding claimant knowingly and intelligently waived right to counsel even though Commissioner did not advise claimant before or during hearing that any attorney's fees could not exceed 25% of past due benefits awarded); *Watson v. Astrue*, No. 06-1784, 2008 WL 4072831, at *2-3 (W.D. La. July 1, 2008) (finding claimant validly waived right to counsel even though ALJ did not advise claimant during the hearing of the limitation of attorney's fees of 25% of past due benefits awarded).[4]

ii. HALLEX § I-2-6-52 Requirements

Marin also argues that the ALJ did not comply with the Hearings, Appeals, and Litigation Law Manual ("HALLEX"), which requires the ALJ to expressly ask an unrepresented claimant whether she received a hearing acknowledgment letter with enclosures advising of her right to representation. HALLEX § I-2-6-52. If the claimant did not receive a letter, the ALJ is to provide copies of the documents to her, afford her time to read them, and enter into the record the receipt of the acknowledgment letter and enclosures by the claimant. *Id.*

"While HALLEX does not carry the authority of law, the Fifth Circuit has held that 'where the rights of individuals are affected, an agency must follow its own procedures, even

---

[4] In an aside, Marin states that "[i]t can further be argued that while Plaintiff was provided with some information about her right to waive representation by counsel, due to her mental impairments she did not 'intelligently' waive that right and did not know what implications waiving that right could have on presentation of her medical conditions and limitations." (Pl.'s Brief, ECF No. 22, at 5). No evidence is offered in support of this conjectural argument. Although Marin alleges she received special education services while in school, she completed the 11th grade and ultimately obtained her GED. (R. 19). Her testimony during the hearing does not indicate that she lacked the capacity to understand her right to counsel. *See Harper v. Comm'r of Soc. Sec.*, No. 2:10cv00097-WAP-SSA, 2011 WL 1135183, at *3 (N.D. Miss. Feb. 24, 2011), *report and recommendation adopted*, No. 2:10cv00097-WAP-SSA, 2011 WL 1113875 (N.D. Miss. Mar. 25, 2011) ("Although it is clear from the transcript of the hearing that the plaintiff, who only has an eighth grade education, was unfamiliar with the standards applied to determine disability . . . the undersigned finds that the ALJ provided the plaintiff with sufficient information to enable him to decide intelligently whether to proceed without representation."). If Marin is referring to her affective disorder and alcohol abuse with possible substantive induced psychosis, no evidence has been presented that those conditions affected her decision not to retain counsel.

where the internal procedures are more rigorous than otherwise would be required.'" *Guillory v. Comm'r of Soc. Sec.*, No. 08-0534, 2010 WL 376806, at *10 (W.D. La. Jan. 25, 2010) (quoting *Newton v. Apfel*, 209 F.3d 448, 459) (5th Cir. 2000)). However, there is no requirement for procedural perfection in administrative proceedings, and courts will not vacate a judgment unless a party's substantial rights have been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Generally, the burden of showing that an error is harmful rests with the party challenging the agency's determination. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Marin asserts she was prejudiced by the ALJ's failure to ask her whether she had received any written information about securing legal representation. However, Marin does not allege that she did not receive the written notices contained in the record. The Court fails to see how this oversight by the ALJ to orally confirm Marin received the written notices affected Marin's substantial rights. Accordingly, the Court finds Marin has failed to meet her burden of showing the ALJ's error was actually harmful.

### iii. Right to Cross-Examination

Marin further argues that she was prejudiced by a lack of notice regarding her right to cross-examination. During the hearing, the ALJ informed Marin that she would ask the Vocational Expert ("VE") "some questions and I'll give you the opportunity to respond to what he told me," and later stated: "Okay. Is there anything else that you would like to add today, Ms. Marin? You need to speak remember." (R. 35, 45). These statements did not sufficiently inform Marin of her right to cross-examine the VE. Nonetheless, "[t]he ALJ does not have an absolute duty to advise an unrepresented claimant of the right to cross-examine witnesses, and failure to do so is seldom, by itself, reason for remand." *Jacobs v. Shalala*, 997 F.2d 880, at *5 (5th Cir. 1993) (citation omitted).

Marin has not identified what harm she suffered from the lack of clear notice regarding her right to cross-examine witnesses. Although Marin argues that she did not have the

opportunity to ask the VE any questions, and that even if she did, she would not have understood what types of questions to ask, she fails to establish any errors in the line of questioning posed to the VE. Moreover, the medical opinions of Randall Rattan, Ph.D., the reports of whom the ALJ largely relied upon, were sufficiently expressed in the record and considered by the ALJ, and Marin has failed to identify any additional evidence that would have been produced if counsel had cross-examined Dr. Rattan beyond a vague assertion that "he could have been asked to state his opinions about Plaintiff's remaining mental capabilities to perform work activities so that at least the opinion of an *examining* source on such issue would have been added to the record." (Pl.'s Brief, ECF No. 22, at 8). The ALJ engaged in a fair, searching, and even-handed questioning of both Marin and the VE, and there is no indication Marin's substantial rights were affected by the ALJ's failure to inform her of the right to cross-examine. *See Jacobs*, 997 F.2d at *5-6 (finding no due process violation from failure to inform claimant of right to cross-examine VE when substantial rights were not affected).

Notably, there is no evidence that Marin's counsel actually attempted to subpoena Dr. Rattan.[5] Marin's conduct is clearly distinguishable from that of the plaintiff in *Lidy v. Sullivan*, 911 F.2d 1075 (5th Cir. 1990), in which the Fifth Circuit remanded a case because the ALJ denied the claimant's request to subpoena for cross-examination purposes a doctor who submitted a report that formed the basis of the ALJ's finding of no disability. F.2d at 1076-77. In *Lidy*, the panel focused on language from a Supreme Court case, *Richardson v. Perales*, 402 U.S. 389, 402 (1971), specifically articulating the claimant had the "*right* to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician." *Id.* at 1076 (quoting *Richardson*, 402 U.S. at 402) (emphasis added). Here, there is

---

[5] Marin's counsel, who was retained after the hearing, merely requested "a supplemental hearing for my client so she can be properly represented." (R. 206). The ALJ denied this request on the grounds that there was "no basis stated other than representation, which the claimant expressly waived at her hearing." (R. 14).

8

no evidence Marin actually attempted to subpoena any physician after retaining counsel – she merely submitted a one sentence request for a supplemental hearing "so she can be properly represented." (R. 206). Accordingly, the Court finds that Marin validly waived counsel, and that she was not prejudiced by any procedural imperfections.

*2. Marin Suffered no Prejudice as a Result of the ALJ's Development of the Record*

Marin also argues that the ALJ "breached her heightened duty to conduct a full and fair hearing for the unrepresented claimant." (Pl.'s Brief, ECF No. 22, at 8). The ALJ has a duty to develop the record fully and fairly to ensure that her decision is informed and based on sufficient facts. *Chater*, 84 F.3d at 728 (citing *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). When a claimant is proceeding *pro se*, the ALJ has a heightened duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Id.* (quoting *Kane*, 731 F.2d at 1219-20)). Courts will reverse or remand an ALJ decision if the claimant shows: (1) that the ALJ failed to fulfill her duty to adequately develop the record; and, (2) that the claimant was prejudiced thereby. *Id.* (citation omitted).

Marin's argument that the ALJ failed to sufficiently develop the record relies largely on hypothetical questions that counsel could have asked, bolstered by a Medical Source Statement ("medical statement") completed by A. Moreno, a psychiatric-mental health nurse practitioner. (R. 312-13). The medical statement was completed on September 26, 2014, which was after Marin's hearing but before the ALJ issued her written decision. (R. 313). A. Moreno noted that Marin had a marked restriction regarding her ability to carry out short, simple instructions, as well as with the ability to make judgments on simple work-related decisions.[6] (R. 312). Marked is defined as a serious limitation in which the "ability to function is severely limited *but not*

---

[6] The medical statement also asserts that Marin had a marked limitation regarding her ability to: interact appropriately with supervisors; respond appropriately to work pressures in a usual work setting; and respond appropriately to changes in a routine work setting. (R. 313).

*precluded.*" *Id.* (emphasis added). The medical statement also provides that if Marin "was compliant with medication and abstained from drug use, she would possibly be more stable." (R. 313).

Assuming arguendo the ALJ failed to adequately develop the record,[7] Marin has not demonstrated how she was prejudiced thereby. As an initial matter, the Court is unpersuaded by Marin's general speculation on how counsel could have developed the record. Marin does not offer evidence of prejudice, but merely analyzes her own testimony with the benefit of hindsight and identifies areas that counsel could have theoretically helped to further develop. It is often unclear how exactly these further developments would be consequential. This is insufficient to meet her burden of establishing actual prejudice. *See Jones v. Astrue*, 691 F.3d 730, 735 (5th Cir. 2012) ("A mere allegation that additional beneficial evidence *might have been* gathered had the error not occurred is insufficient to meet this burden.") (emphasis added).

Furthermore, the medical statement prepared by A. Moreno is not necessarily inconsistent with the ALJ's RFC determination that Marin had "a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to simple, routine tasks with a reasoning level 1. She should not be required to perform production pace work." (R. 18). The A. Moreno medical statement found that Marin's ability to carry out short, simple instructions and make judgments on simple work-related decisions "is severely limited *but not precluded*," entirely consistent with the ALJ's finding. Moreover, both the ALJ and A. Moreno discussed the connection between Marin's compliance with medication and abstention from illegal drugs and alcohol with her ability to function. Thus, the Court finds that

---

[7] Marin also argues that the ALJ failed to obtain additional records. (Pl.'s Brief, ECF No. 22, at 9). However, as noted by the Commissioner, the ALJ did request these records from the El Paso Provider Group and received records pertaining to Marin from January 1, 2012, through the date of the hearing. (R. 262-310).

even if the claimant's allegations that the ALJ did not fully develop the record are accepted as true, Marin suffered no prejudice as a result.

### III. CONCLUSION

**IT IS ORDERED** that the decision of the Commissioner will be **AFFIRMED**.

**SIGNED** and **ENTERED** this 26th day of March, 2018.

/s/ Miguel A. Torres
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE